# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ADAM TORRES,<br><br>                Plaintiff(s),<br><br>v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>                Defendant(s). | Case No. 2:17-cv-01781-APG-NJK<br><br>ORDER<br><br>(Docket No. 15) |

Pending before the Court is Plaintiff's motion to compel responses to discovery requests. Docket No. 15. Defendant Geico ("Defendant") filed a response in opposition and a declaration. Docket Nos. 16, 17. Plaintiff filed a reply. Docket No. 18. Plaintiff asks the Court to compel Defendant to produce: (1) documents in response to Plaintiff's requests for production of documents 1-3, 7, 15, 16, 21, 23, 30, and 33-35, including the entirety of the claims file up to September 20, 2017; and (2) substantive responses to Plaintiff's interrogatories 1, 2, 5, 7, and 9. Docket No. 15 at 23. Plaintiff also asks the Court to order: (1) Defendant's answers to Plaintiff's requests for admission 6-9 as "admitted" and (2) sanctions against Defendant in the amount of $7,500 for attorneys' fees and costs. *Id.* at 21-23. The Court finds the matter properly resolved without oral argument. Local Rule 78-1. For the reasons discussed below, Plaintiff's motion to compel is **DENIED** without prejudice. Docket No. 15.

//

//

## I. BACKGROUND

The instant case is an insurance bad faith case. Plaintiff alleges bad faith conduct based on Defendant's fraud investigation of Plaintiff's insurance claim, Defendant's denial of Plaintiff's medical specials, and Defendant's failure to ensure timely delivery of a check for the arbitration award in favor of Plaintiff. Docket Nos. 15 at 5, 18 at 3.

On October 17, 2017, Plaintiff filed the instant motion to compel Defendant's responses to various discovery requests. Docket No. 15. Generally, Plaintiff submits that the requested documents and responses are relevant to his bad faith claims. Docket No. 15 at 18-21. In response, Defendant generally submits that its Fed.R.Civ.P. 26 disclosures adequately respond to Plaintiff's requests. Docket No. 16 at 3. Defendant also submits that its objections to Plaintiff's requests on the grounds of attorney client privilege and the attorney work product doctrine are proper and sufficiently supported by its privilege log. *Id.* at 4-6. In reply, Plaintiff submits that Defendant's claim of attorney-client privilege and the attorney work product doctrine are unwarranted because many of the objections were provided in response to documents and time periods before litigation began or could have been anticipated. Docket No. 18 at 2-3. Plaintiff also submits that certain information and documents related to Defendant's conduct after the complaint was filed are non-privileged and therefore discoverable, because in a bad faith case, a defendant's duty of good faith does not cease once litigation commences. Docket No. 18 at 4-7.

## II. STANDARDS

### A. Discovery

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Parties are entitled to discover non-privileged information that is relevant to any party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(1). The most recent amendments to the discovery rules are meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of

ensuring that the discovery process "provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark Cty. School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).

### B. Motion to Compel

When a party fails to provide requested discovery, the requesting party may move to compel that discovery. *See* Fed.R.Civ.P. 37(a). The burden is on "[t]he party resisting discovery" to show "why a discovery request should be denied" by specifying *in detail*, as opposed to general and boilerplate objections, why "*each request* is irrelevant." *FTC v. AMG Servs.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (internal citation omitted) (emphasis added). This requires the party resisting discovery to show for each request, irregardless of numerosity, how each of its objections, by providing the relevant standard for each objection and a meaningfully developed argument as to how the standard has been met. *See Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005) (rejecting blanket claims of privilege as sufficient to address the applicable standard); *see also Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only address arguments that are meaningfully developed).

### C. Protective Order

Conversely, a party from whom discovery is sought may move for a protective order. *See* Fed.R.Civ.P. 26(c). For good cause shown, courts may issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See id.*; *see also* Fed.R.Civ.P. 26(b)(2)(C) (courts must limit frequency or extent of discovery that is otherwise permissible if that discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive). When a discovery dispute is presented through the filing of a motion to compel and that motion is denied, courts may enter any protective order authorized under Rule 26(c). *See* Fed.R.Civ.P. 37(a)(5)(B).

## III. ANALYSIS

The parties' briefing is woefully deficient, both structurally and substantively. Structurally, there are two issues. First, both parties have incorrectly labeled the requests at issue with such frequency that the Court is unable to sufficiently match the requests as they are listed in the discovery requests

originally propounded by Plaintiff (Docket Nos. 15-2, 15-3, and 15-4) with the requests as they are referred to in the motion (Docket No. 15) and the response (Docket No. 16).[1]

For example, what Plaintiff correctly refers to in his motion as request for production number 33 (Docket No. 15 at 9) is incorrectly labeled as number "3233 [sic]" in Defendant's response in Docket No. 15-2;[2] what Plaintiff correctly refers to in his motion as request for production number 34 (Docket No. 15 at 12-13) is incorrectly labeled as number 33 in Defendant's response in Docket No. 15-2; what Plaintiff correctly refers to in his motion as request for production number 35 (Docket No. 15 at 9) is incorrectly labeled as number 34 in Defendant's response in Docket No. 15-2. Further, what should have been labeled as interrogatory number 6 was incorrectly labeled as "interrogatory no. 5 *(sic)*," which leads all subsequent interrogatories to be mislabeled, although Plaintiff is consistent in labeling the interrogatories throughout his motion, albeit incorrectly. Docket Nos. 15-3 at 5-10, 15 at 13-16. Moreover, Defendant has improperly labeled essentially every one of its references to the requests for production and admissions and the interrogatories. Docket No. 16 at 6-7, 10-20.

Second, Plaintiff has divided his discovery requests into four categories: (1) requests for production 3, 30, 33, and 35, dealing with the claims file; (2) requests for production 1, 2, 7, 15, 16, 21, 23, and 34, dealing with Defendant's claims handling policies and procedures; (3) interrogatories 1, 2, 5, 7, and 9, seeking various information; and (4) requests for admissions 6, 7, 8, and 9, dealing with the delivery of the arbitration award check. *See generally* Docket No. 15. Regardless of these categories, Defendant bears the burden of **separately addressing each disputed request**. Instead, Defendant provides the text of the requests at issue and attempts to address them in the same categories as Plaintiff, accompanied by brief discussions with minimal, if any, authority to support its position. Docket No.

---

[1] The only sources that provide the Court with the full set of Plaintiff's discovery requests are Defendant's responses, which Plaintiff has attached to its motion as exhibits. Docket Nos. 15-2, 15-3, and 15-4.

[2] It is immaterial and extrinsic whether the original typographical error occurred in Plaintiff's request and was simply copied and pasted by Defendant into its response or occurred originally in Defendant's response.

4

| 1 | 16 at 10-20 ((providing the text of the requests for production and admissions and interrogatories
| 2 | immediately after each other), and at 20-21 (providing a paragraph for each category of request)).

It is the parties' obligation, and arguably to their benefit, to provide briefing that permits judicial review. To the extent that both parties have repeatedly failed to correctly label, cross-reference, and correct their references to the discovery requests at issue, the Court will not use its resources to engage in a card game of rearranging and matching the request at issue with the parties' corresponding argument. Considering these structural deficiencies, the Court does not reach the substantive deficiencies of the parties' briefing.

Accordingly, the Court hereby **DENIES** without prejudice Plaintiff's motion to compel responses to discovery requests. Docket No. 15. Any renewed motion, response, and reply shall comply fully with all Local Rules and case law.

IT IS SO ORDERED.

DATED: December 18, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge